IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM COHEN, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br><br><br> REPELLEM CONSUMER PRODUCTS CORPORATION d/b/a ECOSMARTPLASTICS, <br><br><br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br><br><br> **COMPLAINT** <br><br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff (at times "Plaintiff"), by his counsel, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, inter alia, the investigation made by and through his counsel, as follows:

## INTRODUCTION

1. Defendant Repellem Consumer Products Corporation, dba Ecosmartplastics ("RCP" or "ECOsmart") sells plastic food storage and garbage bags ("Bags"), known by two (2) tradenames, to wit: (1) ECOsmart bags and (2) Repellem bags, which are essentially the same bag except that Repellem bags contain a scent that "keep[] those bothersome pests away from your daily activities."

2. RCP advertises and labels Bags with the following marketing claims ("Claims"):

1

- made of 100% Natural Ingredients ("All Natural Claim")

- biodegradable ("Unqualified Degradable Claim")[1]

- Eco-Friendly ("Eco-Friendly Claim")

The following are actual packaging used to advertise and sell Bags:



Image No. 1

---

[1] Biodegradation is the process by which microorganisms (microbes such as bacteria, fungi or algae) convert materials into biomass, carbon dioxide and water. Biomass is a general term used to refer to the cells of the microorganisms that are using the material as a carbon source to grow on.



Image No. 2



Image No. 3

3. Defendant's marketing of Bags is consumer-oriented, as Bags are a consumer centric product used primarily in the home to store food and dispose of household waste.

4. All Bags, regardless of where or how purchased, are advertised and/or labeled with the All Natural Claim, Unqualified Degradable Claim, and Eco-Friendly Claim (collectively "Claims").

5. Bags are customarily disposed of in landfills.

6. Bags are not 100% natural. They are made of Linear Low Density Polyethylene

3

("LLDPE"), a thermoplastic produced at low temperatures and pressure by copolymerization of ethylene and alpha-olefins such as butene, hexene, or octene. The copolymerization process produces an LLDPE polymer that has a narrower molecular weight distribution than conventional LDPE and, in combination with the linear structure, significantly different rheological properties. See https://en.wikipedia.org/wiki/Linear_low-density_polyethylene  The point is: Bags are chemical, not natural.

7. The FTC has made clear that an ingredient is synthetic *and not natural* when it does not naturally occur; and what is synthetic, i.e. LLDPE, cannot lawfully be marketed as natural.[2]

8. The Federal Trade Commission ("FTC") has conducted extensive consumer research and, based thereon, has enacted this rule: "Unqualified Degradable Claims for items that are customarily disposed in landfills are deceptive because these locations do not present conditions in which complete decomposition will occur within one year."   12 CFR Part 260, §260.8(c).

9. Bags typically cannot and do not decompose within even five (5) years in landfills (let alone in one year, i.e. the FTC requirement). *ECM Biofilms, Inc. v. FTC*, 851 F.3d 599 (6th Cir. 2017), aff'g *In re ECM BioFilms, Inc.*, 2015 FTC LEXIS 253, 2015-2 Trade Cas. (CCH) P79,338 (F.T.C. October 11, 2015).

10. Bags are not "eco-friendly" or made in any material way of natural substance, but rather are made of petroleum-based plastic, i.e. Bags are chemically-derived.

11. FTC official guidance  is clear that "[m]arketers should not make broad,

---

[2] https://www.consumer.ftc.gov/blog/2016/04/super-unnatural-product-claims

4

unqualified general environmental benefit claims like 'green' or 'eco-friendly.' Broad claims are difficult to substantiate, if not impossible." https://www.ftc.gov/tips-advice/business-center/guidance/environmental-claims-summary-green-guides

12. RCP violates Sections 349-350 of the NY Gen. Bus. Law by advertising, labeling and selling Bags, deceptively, pursuant to any one or more of the Claims.

13. Plaintiff, on his own behalf and on behalf of the Class, seeks equitable and injunctive relief, including corrections to RCP's' labeling, advertising and marketing; and the recovery of actual damages or statutory damages of $50 per transaction, during the Class Period (defined hereinafter), as authorized by Section 349(h).

## JURISDICTION AND VENUE

14. Claims asserted herein arise under the laws of the State of New York.

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendant are citizens of different states.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions alleged herein, including the marketing and advertising of the product at issue, occurred in this District.

## PARTIES AND ESSENTIAL FACTS

17. Plaintiff, a resident of Lakewood, New Jersey, purchased a package ECOsmart Bags in the e-commerce store on amazon.com, on or about September 18, 2020. Plaintiff paid $.45 per Bag for 24 Bags.

18. Subsequent to receiving shipment Plaintiff used Bags to dispose of household waste.

19. While using the Bags plaintiff learned from a legend on the back of package that Bags are not 100% natural (as represented) because their primary component is a polyethylene known as LLDPE. See Image No. 1 above.

20. Subsequent inquiry established that Bags are not "biodegradable" and that RCP's biodegradability representation is also false.

21. Plaintiff is sensitive to the "green footprint," purchased Bags for that reason, and is disappointed and takes great umbrage at RCP's false advertising of Bags as 100% Natural, biodegradable and eco-friendly.

22. Repellem Consumer Products Corporation is a corporation organized and existing under the laws of New York with a principal place of business at 1626 Locust Avenue, Suite 6, Bohemia, NY 11716. Upon information and belief, Repellem Consumer Products Corporation does business under the name ECOsmartplastics.

23. Upon information and belief, at all times material hereto, Repellem controlled, operated, and monitored the website at the URL: https://www.ecosmartplastics.com/ (the "Repellem Website"), and created and provided images of packaging and advertising copy to Amazon, thereafter used in the marketing of Bags on Amazon.com.

## SUBSTANTIVE ALLEGATIONS

24. Bags are made of a plastic known as LLDPE, an acronym for linear low-density polyethylene. All polyethylene is man-made and chemical, not natural, with a chemical formula of $(C_2H_4)_n$. Ethylene, the precursor of polyethylene, is ordinarily obtained from petroleum or natural gas. Polyethylene (PE) is a made by the chemical reaction of multiple ethylene molecules in the presence of a catalyst. In 2020, the United States market for LLDPE is estimated at $15 billion.[3]

25. Americans generate about 32 million tons of plastic waste every year, more than half of which ends up in landfills.

26. Landfills continue to be the dominant method for managing discarded waste in the United States.

27. Due to their recalcitrant nature, plastics pose a growing disposal and environmental pollution problem.

28. In response to consumer demand, various materials have been introduced to improve the biodegradability of plastics. "Plants naturally produce many polymers, such as starch or cellulose, and these have been exploited for plastics production." Bio-based plastics can be completely degraded in landfills, composters or sewage treatment plants by the action of naturally occurring micro-

---

[3] https://www.globenewswire.com/news-release/2020/08/04/2072274/0/en/Global-Linear-Low-Density-Polyethylene-LLDPE-Industry.html

organisms.[4]

29. ECOsmart claims to have created an additive that effects 100% biodegradation of conventional petroleum-based plastics within a timeframe of seven months to seven years.

30. This Claim of biodegradability is deceptive and false.

### ECOSMART PRODUCT LABELING AND ADVERTISING

31. RCP sells plastic food storage bags, i.e. Bags, that it represents on amazon.com (where Plaintiff shopped) and elsewhere, to be 100% Natural, Eco-Friendly and Biodegradable.[5] See Image No. 1, at ¶2 *supra.*

32. RCP creates promotional, marketing and advertising copy that is used, essentially unchanged in material parts, on various websites, including its proprietary website:

---

[4] B.P. Mooney, The second green revolution? Production of plant-based biodegradable plastics, Biochem. J. (2009) 418, 219–232 (Printed in Great Britain).

[5] https://www.amazon.com/Ecosmartbags-13-Gallons-Eco-Friendly-Commercial



Image No. 4

33. Wherever a consumer may look for information regarding Bags, the same deceptive and false Claims are featured.  Claims constitute important product differentiation calculated to cause consumer decision-making upon false premises.

34. Reinforcing deceptions are used throughout product packaging as well throughout RCP ecommerce media presence, for example, the side view of a typical RCP package reinforces the 100% Natural and Eco-Friendly representations as in Image No. 2 above.

35. Another deceptive presentation presented in larger font than any other representation is, as shown above in Image No. 1:

> The Unique Trash Bag
> That Disappears 100% . . . Naturally

36. The promotion, marketing, advertising and labeling of Bags is a flagrant, multi-faceted violation of New York's consumer deception law . . . for the following non-exhaustive list of reasons:

- Bags are not Biodegradable in fact and may not be so represented as a matter of law

- LLDPE, from which Bags are made, a polyethylene thermoplastic made from petroleum, is non-biodegradable, can take centuries to decompose, and RCP's purported additive does not render Bags "biodegradable" as required by FTC official guidance

- Bags are not 100% Natural

- Bags are not "eco-friendly"

- And the FTC has cautioned against the use of "Eco-Friendly" under circumstances of potential consumer confusion

37. The practices identified in the previous paragraph hereof violate the Federal Trade Commission's rules and formal guidance relating to "claims about the environmental attributes of a product,"[6] as well as those addressing internet advertising,[7] including:

- **12 CFR Part 260, at §260.8(c):** It is deceptive to make an unqualified degradable claim for items entering the solid waste stream [as RCP does regarding Bags] if the items do not completely decompose within one year after customary disposal. Unqualified degradable claims for items that are customarily disposed in landfills, incinerators, and recycling facilities are deceptive because these locations do not present conditions in which complete decomposition will occur within one year.

---

[6] Revised Guides For The Use Of Environmental Marketing Claims (FTC 2012)("Green Guides"), reprinted at https://www.law.cornell.edu/cfr/text/16/part-260

[7] Disclosures: How to Make Effective Disclosures in Digital Advertising, reprinted at https://www.ftc.gov/system/files/documents/plain-language/bus41-dot-com-disclosures-information-about-online-advertising.pdf  ("Ad Guide")

- Ad Guide at p. 21 forbids the confusing, i.e. deceptive use of abbreviations, including the acronym LLDPE as deceptively used, which most consumers do not recognize as a term for a petroleum-based plastic: "Disclosures should be as simple and straightforward as possible. Icons and abbreviations are not adequate to prevent a claim from being misleading if a significant minority of consumers do not understand their meaning."

- FTC has long required that "[m]arketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims." See FTC Policy Statement Regarding Advertising Substantiation, 104 FTC 839 (1984). A reasonable consumer would believe, based upon RCP's advertising and packaging, that Bags are 100% natural.

38. New York Courts have historically followed the FTC pronouncements as to deceptive consumer sales and marketing practices: "[i]ndeed, § 349 was enacted 'to follow in the steps of the [FTC] with respect to the interpretation of deceptive acts and practices outlawed in Section 5 of the [FTC] Act.' *State by Lefkowitz* v. *Colo. State Christian Coll. of Church of Inner Power, Inc.*, 76 Misc. 2d 50, 346 N.Y.S.2d 482, 487 (N.Y. Sup. Ct. 1973)." *Braynina v. TJX Cos.,* 2016 U.S. Dist. LEXIS 131562, at *18 (S.D.N.Y. 2016).

### CLASS ACTION ALLEGATIONS

39. Without prejudice to later expansion or modification, Plaintiff brings this action as a member and/or representative of a class consisting of all persons or entities in New York who purchased Bags during the three-year period preceding commencement hereof ("Class" and "Class Period").

40. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and any of the Defendant's subsidiaries, affiliates, and officers, directors, or employees, and any legal representative, heir, successor, or

11

assignee of Defendant.

41. This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that many thousands of persons are members of the Class.

43. There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

44. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.

45. The questions common to members of the Class are, inter alia:

   a. Whether Defendants engaged in unlawful, deceptive or unfair acts and practices in violation of state consumer protection statutes and FTC environmental-claim rule making;

   b. Whether Plaintiff and the Class are entitled to the injunctive relief; and

   d. The nature and extent of damages or other remedies to which proposed Class members are entitled as a result of Defendant's wrongful conduct.

46. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff and all members of the Class have sustained monetary damages arising out of the RCP's violations of statutory law as alleged herein.

47. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

48. Plaintiff is similarly situated in interest to all of the members of the proposed Class, is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

49. Plaintiff explicitly reserves the right to add additional class representatives. Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification, or otherwise as ordered by the Court.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.

51. There will be no difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

# COUNT I:

## New York Consumer Protection from Deceptive Acts and Practices Act
## (N.Y. Gen. Bus. Law §§ 349)

52. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 50 as if fully set forth herein.

53. New York General Business Law ("NYGBL") §349 provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or the furnishing of any service in this state are hereby declared unlawful."

54. RCP falsely represents that the Bags at issue herein are biodegradable, as being made of natural ingredients with a natural additive.

55. RCP represents that the ingredients used to manufacture Bags purchased by Plaintiff and otherwise at issue herein are 100% natural.

56. RCP does not disclose that Bags are made of petroleum-based polymer, as a majority—and certainly more than a significant minority—of consumers do not know the meaning of "LLDPE," a term appearing inconspicuously at best.

57. These biodegradable and "100% Natural" representations were false and misleading, and misstated the qualities, characteristics and/or ingredients of the Bags at issue, as same are made of non-biodegradable LLDPE in whole (as disclosed) or substantially in whole, and the purported additive does not render Bags biodegradable.

58. Defendant's conduct by way of its affirmative representations and non-disclosures misled Plaintiff and are and were likely to mislead a reasonable consumer.

59. Defendant's conduct constitutes one or more violations of NYGBL §349.

60. Plaintiff and the Class suffered harm as a result of Defendant's statutory violations in that they purchased the Bags which they would not have purchased but for Defendant's representations and failures to disclose, and certainly not at the prices they paid.

61. Absent Defendant's misrepresentations and/or failures to disclose, the market value of the Bags purchased by the Class would be substantially less than the premium prices paid by Plaintiff and the Class.  Consequently, Plaintiff and the said Class uniformly suffered diminution of value loss as a result of Defendant's violations of the Section 349.
62. Solimo, a leading brand of bags, offers a 45-count 13-gallon bag, *with a draw string,* for $6.99, or $.16 per bag, which is a better bag for $.29 less per bag. Amazon Commercial 13 Gallon Blue Recycling Bags, *with a draw string,* cost $6.70 at 45-count, or $.15 per bag.  Hefty "Strong" bags, *with a draw string,* at .9 mil thickness as compared with RCP's .75 mil thickness, sell for the  $.23 per bag, versus Ecosmart's $.45 per bag  Clearly plaintiff and the class paid a premium for the Claims.  In fact, regardless of the volume of Bags purchased, i.e. 2-pack at $.31 per Bag or 6-pack at $.23 per bag, equal or better bags were available for less.  See https://www.amazon.com/s?k=ecosmart+bags&ref=nb_sb_noss
63. Accordingly plaintiff and all class members were injured by paying a premium for purportedly 100% Natural and Biodegradable Bags.
64. Plaintiff and all class members are entitled under Section 349 to recover $50 per transaction involving the purchase of accused product by Class members.

## COUNT II

**Violation of §§349-350 of the New York General Business Law (Injunction)**
**On behalf of Plaintiff, Individually**

65. Plaintiff re-alleges all preceding allegations as though set forth at length.
66. Plaintiff is entitled to obtain injunctive relief to protect the public from RCP's deceptive practices:

15

> Given the afore cited purpose of the statute, to encourage private enforcement of consumer protection, to strongly deter deceptive business practices, and to supplement the activities of the New York State Attorney General in prosecuting consumer fraud complaints, I hold that the Legislature intended the irreparable injury at issue to be irreparable injury to the public at large, not just to one consumer.

*Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 608 (S.D.N.Y. 2012), citing

*McDonald v. North Shore Yacht Sales, Inc.,* 134 Misc. 2d 910, 513 N.Y.S.2d 590

(Sup. Ct. 1987).

67. Plaintiff is entitled to an injunction against Defendant's use of the Claims on packaging, marketing, labeling or advertising materials encountered by potential purchasers of the Bags.

68. Plaintiff is further seeking an order enjoining Defendant's violations of the NYGBL including, but not limited to, an order:

   (a) Requiring Defendant to immediately remove all advertisements, packaging and labeling of the Bags that contain the Claims or any of them;

   (b) Requiring Defendant to prominently disclose on the front of the product labels and product packaging in bold print and large font that "**THIS PRODUCT IS NOT BIODEGRADABLE.  IT IS MADE FROM LLDPE, A PETROLEUM-BASED PLASTIC,**" in order to cure the false advertising Defendant has been disseminating for years.

   (c) Requiring Defendant to prominently disclose on its website the following statement: "**OUR BAG IS NOT BIODEGRADABLE.  IT IS MADE FROM LLDPE, A PETROLEUM-BASED PLASTIC.**"

WHEREFORE Plaintiff, on behalf of himself and the Class, prays as follows:

a. An order certifying this case as a class action, designating Plaintiff as the

representative of the Class and his counsel as class counsel;

b. A permanent injunction against RCP affording the relief specified in paragraphs 66-67 hereinabove and such other and further injunctive relief as the Court may deem necessary and appropriate;

c. Statutory damages pursuant to NYGBL §349;

d. Actual damages;

e. Attorney fees; and

f. Costs.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

/s/Mark Schlachet_____
Mark Schlachet
Law Offices of Mark Schlachet
9511 Collins Ave., Ste 605
Surfside, FL 33154
Telephone: (216) 225-7559
Email: markschlachet@me.com

*Attorney for Plaintiff and the Class*